UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>DESHAWN DAWKINS,<br>    Defendant. | CRIMINAL NO. 5:24-111-KKC-2<br><br>**OPINION & ORDER** |

This matter is before the Court on the government's motion to revoke the pretrial release of Defendant Deshawn Dawkins. (R. 119.) The Court conducted a hearing, at which it granted the government's motion, noting that a separate written opinion would be issued.

Dawkins is charged with engaging in two criminal conspiracies involving Serenity Keepers LLC, a company that purported to provide mental health and substance abuse treatment and housing to residents. Dawkins' mother and codefendant Delores Jordan was the owner and operator of Serenity Keepers. Dawkins, Jordan, and two other codefendants are charged with conspiring to commit healthcare fraud and to violate the Anti-Kickback statute. Jordan and the two other codefendants have pleaded guilty. Dawkins is set for trial on March 30, 2026.

Magistrate Judge Matthew Stinnett ordered that Dawkins be released pending trial on certain bond conditions, including the following:

- Restriction of any participation with any organization that does or may bill any federal health care program and/or coverage.

(R. 32 Conditions ¶ 7(u)).

Dawkins' counsel objected to this restriction at the initial appearance. Judge Stinnett directed defense counsel to file "supplemental information outlining the exact nature of

[Dawkins'] role relevant to any billing through federal programs." (R. 30.) Dawkins' counsel did not file anything in response. The condition remained in place. With the motion before the Court, the government alleges that Dawkins has violated it.

Pursuant to 18 U.S.C. § 3148(b), this Court must revoke pretrial release and order a defendant detained if the Court finds "clear and convincing evidence that the person has violated any. . . condition of release" and finds that the defendant "is unlikely to abide by any condition or combination of conditions of release."

At the hearing on the government's motion to revoke bond, the government presented evidence that Dawkins operated Great Neighbors, LLC, which, like Serenity Keepers, purported to provide housing and treatment for those with substance abuse disorders. The government presented evidence that Great Neighbors bills Medicaid for services and has done so throughout Dawkins' period of pretrial release. News articles submitted by the government indicate that several of Great Neighbors' facilities have been closed by the Kentucky Cabinet for Health and Family Services because the facilities were not licensed by the state as required. The articles state that residents of Great Neighbor facilities complained that the homes had no electricity or water and that employees complained they were not being paid.

At the hearing, Dawkins' counsel conceded that he had not followed the conditions of his pretrial release. Defense counsel argued that Dawkins did not understand the restriction.

Chad Moss, Dawkins' supervising probation officer, testified, however, that he reviewed all of Dawkins' conditions of release with him after the release order was entered in November 2024, including the restriction on his participation in entities that bill Medicaid. Moss explicitly explained to Dawkins that he could not work for Great Neighbors while the restriction was in place. Dawkins indicated to Moss that he would not continue to work with Great Neighbors. In

January 2025, however, Dawkins reported to Moss that he was working at Great Neighbors. He stated that his brother now ran the business. Moss again explained that this was a problem and advised Dawkins to speak with his attorney. Finally, in October 2025, Dawkins reported to Moss that, on advice of counsel, he had ceased working at Great Neighbors. Dawkins reported, however, that he had started working for his brothers' company Can-Teens Foundation Co. He told Moss that, in return, his brother was paying his rent.

Tara Wilson, a health care data administrator for the Medicaid fraud control unit in the Kentucky attorney general's office, testified that both Great Neighbors and Can-Teens billed Medicaid for services during the time in which Dawkins was associated with those entities and on pretrial release.

Accordingly, the Court finds that the evidence is clear and convincing that Dawkins violated the conditions of his pretrial release.

The Court further finds that it is unlikely that, if released, Dawkins would abide by any condition or combination of conditions restricting his involvement in entities that bill Medicaid. The Court could not impose any restriction clearer than the restriction already in place. To the extent there is any ambiguity in the restriction, Dawkins' probation officer repeatedly explained the restriction to him. Despite that, Dawkins flagrantly violated the restriction by participating in companies that bill Medicaid.

Defense counsel stated that Dawkins' family will support him financially if he remains on release. But members of Dawkins' family continue to run sober living facilities. This gives the Court no comfort that Dawkins would not continue to be involved in the industry if he is released.

Dawkins is charged with serious counts related to fraudulently billing Medicaid. Healthcare fraud is as dangerous to the community as it is to the government. The danger is only

more pronounced when the purported healthcare provided is not legitimate or is provided in unsafe conditions. To prevent danger to the community while Dawkins was on pretrial release, the Court imposed a clear restriction that would limit any opportunity for Dawkins to engage in healthcare fraud pending trial. There is no dispute that Dawkins violated that restriction repeatedly.

Accordingly, pursuant to 18 U.S.C. § 3148, the Court hereby **ORDERS** that the Government's motion to revoke bond (R. 119) is **GRANTED**. The Court further hereby ORDERS as follows:

1) Dawkins is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2) Dawkins SHALL BE afforded reasonable opportunity for private consultation with counsel; and

3) On order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which Dawkins is confined MUST DELIVER him to a United States marshal for the purpose of an appearance in connection with a court proceeding.

This 24th day of February, 2026.

Signed By:
*Karen K. Caldwell*
**United States District Judge**